D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DONALD VASSELL,

              Petitioner,                        ORDER

           - against -                    02-CV-2784 (NGG)

JOHN ASHCROFT, Attorney General,
KATHERINE HAWK, Director of BOP, and
MARVIN MORRISON, Warden,

              Respondents.
-----------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

On May 8, 2002, Petitioner Donald Vassell ("Petitioner") filed a motion under 28 U.S.C. § 2241 attacking the constitutionality of his sentence.[1] Petitioner argues that his sentence is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), because he was sentenced based on the quantity of drugs in which he had trafficked even though that quantity had been determined by the court and not by the jury. (Motion Pursuant to Section 2241 ("Motion") (Docket Entry # 1) at 8-9.)

A challenge to the constitutionality of a sentence should normally be brought as a motion for relief under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241. See Roccisano v. Menifee, 293 F.3d 51, 57 (2d Cir. 2002). Petitioner correctly argues that a motion under section 2241 would be permissible to challenge the legality of his detention were such a challenge under section 2255 "inadequate or ineffective." See Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004). Petitioner argues that a motion under section 2255 would be inadequate or ineffective to

---

[1] This case was originally assigned to District Judge Reena Raggi, who had sentenced Petitioner. It was reassigned to me on October 1, 2007, more than five years after Judge Raggi was elevated to the Second Circuit Court of Appeals.

challenge the legality of his detention because Apprendi is not retroactively applicable to motions brought under section 2255 and, therefore, if he were to proceed under that statute, he would be precluded from challenging serious constitutional infirmities in his sentence. (Motion at 6.)

A motion under section 2255 is "inadequate or ineffective" to challenge the legality of a prisoner's sentence when the prisoner cannot avail himself of section 2255 and the failure to obtain collateral review raises serious constitutional questions. See Triestman v. United States, 124 F.3d 361, 379 (2d Cir. 1997). This standard was satisfied, for example, when a motion that could not be made under section 2255 raised the question of whether the continued incarceration of an innocent person violated the Eighth Amendment. Id. The Second Circuit, however, has determined that an inability to obtain effective relief under section 2255 that is due to the non-retroactivity of a new rule of constitutional law does not raise serious constitutional questions. Poindexter v. Nash, 333 F. 3d 372, 378 (2d Cir. 2003); see also Love v. Menifee, 333 F.3d 69, 73 (2d Cir. 2003) (applying this principle to a section 2241 motion challenging a sentence based on Apprendi). Because Petitioner relies on the non-retroactivity of Apprendi to justify the making of his motion under section 2241, he has failed to demonstrate that a motion under section 2255 would be "inadequate or ineffective."

A court may sua sponte convert a motion purportedly made under some other provision of law into a motion under section 2255, but it must first provide the petitioner with appropriate notice of the attendant consequences and an opportunity to withdraw his motion. See Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam). Here, Petitioner has anticipated that a motion under section 2255 would not be successful; he states that he is "barred from invoking section 2255." (Motion at 6). Petitioner is correct that a motion under section 2255 to challenge his sentence based on Apprendi would have no merit. See Coleman v. United

States, 329 F.3d 77, 90 (2d Cir. 2003) ("Apprendi does not apply retroactively to initial section 2255 motions for habeas relief"); Love, 333 F.3d at 73-74 (Apprendi does not apply retroactively to successive 2255 motions for habeas relief). The court will therefore not follow the Adams notice procedure and seek to recharacterize Petitioner's motion as a motion under section 2255.

As the claim Petitioner brings is not cognizable under section 2241, his motion is denied and the petition is dismissed. The Clerk of Court is directed to close the case. No certificate of appealability shall issue.

SO ORDERED.

Dated: June 2⟨, 2008
Brooklyn, New York

s/Nicholas G. Garaufis
―――――――――――――――
NICHOLAS G. GARAUFIS
United States District Judge